UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARVALYN MCKENZIE,

Plaintiff,

v.

CHRISTOPHER J. SWIFT, et al.,

Defendants.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
24-CV-8396-SJB-AYS

**BULSARA, United States District Judge:**

Plaintiff Marvalyn Mckenzie filed this pro se action against Christopher J. Swift, Hartford Funding Ltd., Stanley Middleman, Freedom Mortgage, Anthony Rooney, and Gross Polowy LLC (collectively, "Defendants"). (Compl. filed Dec. 6, 2024, Dkt. No. 1). Her Amended Complaint asserts claims arising out foreclosure proceedings against her in state court—she alleges that Defendants lacked standing to foreclose upon her mortgage and relied upon defective and fraudulent assignments to create standing in the state proceedings. (Am. Compl. dated July 24, 2025, Dkt. No. 37 at 3–6). Defendants have moved to dismiss Mckenzie's Amended Complaint. (Defs.' Mot. to Dismiss dated Sep. 30, 2025 ("Defs.' Mot."), Dkt. No. 44-1). For the reasons explained below, the motion is granted.

STANDARD OF REVIEW

**I. 12(b)(1) Standard**

"A motion to dismiss an action under [Rule 12(b)(1)] raises the fundamental question of whether the federal district court has subject matter jurisdiction over the action before it[.]" 5B Charles Alan Wright & Arthur R. Miller et al., Federal Practice

and Procedure § 1350 (4th ed.). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Collins v. United States*, 996 F.3d 102, 105 n.1 (2d Cir. 2021) (quotation omitted). "[T]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence, and [w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Allco Fin. Ltd. v. Roisman*, No. 22-2726, 2023 WL 4571965, at *1 (2d Cir. July 18, 2023) (quotations omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (quotation omitted), *aff'd*, 568 U.S. 85 (2013).

**II. 12(b)(6) Standard**

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

This pleading requirement "does not impose a probability standard at the motion-to-dismiss stage." *Mosaic Health, Inc. v. Sanofi-Aventis U.S., LLC*, 156 F.4th 68, 77 (2d Cir. 2025) (noting that plausibility does not equate to probability). And "on a Rule 12(b)(6) motion it is not the province of the court to dismiss the complaint on the basis of the court's choice among plausible alternatives. Assuming that [plaintiff] can adduce sufficient evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder." *Id.* (quotations omitted).

For the purpose of this motion, the Court is "required to treat" the Plaintiff's "factual allegations as true, drawing all reasonable inferences in favor of [Plaintiff] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Secs. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). The Court "therefore recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the court, as we have no way of knowing at this stage what are the true facts." *Id.*

Because Mckenzie is proceeding pro se, the Court construes her Amended Complaint "to raise the strongest claims [it] suggest[s]." *Sharikov v. Philips Med. Sys.*

*MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). However, her pro se status does not permit the Court to read into her "submissions claims that are not consistent with [her] allegations, or arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quotation omitted).

In addition to the Amended Complaint, the Court considers documents that are incorporated by reference, documents that are integral to the pleading, and documents of which the Court may take judicial notice. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). For those documents incorporated by reference into the Amended Complaint, the Court may "permissibly consider" such documents "for the truth of their contents." *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 n.3 (2d Cir. 2022) (quotation omitted). In addition, "a court may take judicial notice of documents filed in other courts 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *K.W. ex rel. K.A. v. City of New York*, 177 F.4th 127, 137 n.5 (2d Cir. 2026) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

In moving to dismiss, Defendants attach a number of documents related to the mortgage on the property (the "Mortgage"), the mortgage note (the "Note"), the assignment of the mortgage (the "Assignment"), and the judgment of foreclosure and sale (the "Foreclosure Judgment"). Given the nature of Mckenzie's claims and the allegations in the Amended Complaint, the Court deems the Mortgage, the Assignment, and other relevant documents as directly incorporated by reference into the Complaint. *E.g.*, *Harriott v. Nationstar Mortg. LLC*, No. 17-CV-4748, 2018 WL 4522102, at *1 (E.D.N.Y.

Aug. 17, 2018), *report and recommendation adopted*, 2018 WL 4853045, at *1 (Sep. 28, 2018); *Plunkett v. U.S. Bank Nat'l Ass'n*, No. 24-CV-5479, 2025 WL 1489904, at *2 (E.D.N.Y. May 23, 2025). Separately, the Court takes judicial notice of the foreclosure action and associated court records submitted by Defendants to establish the fact of those filings, but not the truth of the matters asserted therein. *E.g.*, *Udeogu v. Intercontinental Cap.*, No. 23-CV-2738, 2024 WL 4120379, at *2 (E.D.N.Y. June 25, 2024), *report and recommendation adopted*, 2024 WL 3949283 (Aug. 27, 2024). From those documents and the Amended Complaint, the Court considers the following facts on the motion to dismiss.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Mckenzie's lawsuit challenges the foreclosure of 4 Sheridan Street, Valley Stream, NY 11580. (*See* Am. Compl. at 2–4; Foreclosure Judgment, attached to Defs.' Mot. as Ex. 6, Dkt. No. 44-8). Mckenzie alleges that Defendants relied upon assignments of the mortgage that were fraudulent and defective. (Am. Compl. at 3, 6). Thus, Mckenzie contends Defendants failed to establish an interest in the Note or Mortgage at the time they filed suit and lacked standing to foreclose on the property. (*Id.* at 7).

On July 17, 2017, Mckenzie, along with Dashawn Derosin ("Derosin"), who is not a party to this case, executed a note to Hartford Funding Ltd. in the amount of $ 535,128. (Note, attached to Defs.' Mot. as Ex. 1, Dkt. No. 44-3 at 1). Simultaneously, Mckenzie and Derosin executed a mortgage with MERS, as nominee for lender Hartford Funding Ltd., encumbering the Property in the amount of $ 535,128. (Mortgage,

attached to Defs.' Mot. as Ex. 2, Dkt. No. 44-4 at 10–11). The Mortgage was recorded in the Nassau County Clerk's Office on July 27, 2017. (*Id.* at 9). The Mortgage was then assigned to Freedom Mortgage Corporation ("Freedom") on August 31, 2022. (Assignment, attached to Defs.' Mot. as Ex. 3, Dkt. No. 44-5 at 22), and the assignment was recorded in the Nassau County Clerk's Office on September 15, 2022, (*id.* at 21). An allonge reflecting this assignment is affixed to the Note. (Note at 15).

On November 9, 2022, Freedom commenced a foreclosure action in Nassau County Supreme Court, alleging that Mckenzie and Derosin defaulted on the loan by failing to make a payment due on June 1, 2022 and subsequent payments. (Foreclosure Compl., attached to Defs.' Mot. as Ex. 4, Dkt. No. 44-6 ¶ 5). Mckenzie failed to answer, and the court entered a default judgment against her on March 11, 2024. (Notice of Entry & Order of Reference & Default J., attached to Defs.' Mot. as Ex. 5, Dkt. No. 44-7 at 5, 7). Freedom then moved for a judgment of foreclosure and sale, which the court entered on July 31, 2024. (Foreclosure Judgment).

On October 2, 2024, Freedom filed a notice of sale of the subject property. (Foreclosure Action Docket, attached to Defs.' Mot. as Ex. 13, Dkt. No. 44-15 at 7). On October 21, 2024, a notice of bankruptcy was entered, reflecting that Mckenzie filed for Chapter 7 bankruptcy in the Eastern District of New York, and the foreclosure action was automatically stayed pending resolution of the bankruptcy proceedings. (Notice of Bankruptcy, attached to Defs.' Mot. as Ex. 7, Dkt. No. 44-9). Freedom filed a letter on May 28, 2025, informing the court that Mckenzie's bankruptcy proceedings had

concluded on April 29, 2025. (Letter dated May 23, 2025, attached to Defs.' Mot. as Ex. 8, Dkt. No. 44-10 at 1).

On July 22, 2025, several months after Mckenzie initiated this action in federal court, Mckenzie filed a Verified Answer, Validation of Debt Demand, and Qualified Written Demands in state court in response to the Foreclosure Complaint. (Answer to Foreclosure Complaint, attached to Defs.' Mot. as Ex. 9, Dkt. No. 44-11). In these filings, Mckenzie alleged she was not properly served, and that Freedom lacked standing to foreclose. (*Id.* at 9–11).

Mckenzie then filed several motions in state court attacking the Foreclosure Judgment. On August 19, 2025, Mckenzie filed an Order to Show Cause ("OSC") requesting that the court hold a hearing on "lost discovery of the assignment of mortgage and the written authorization or corporate resolution to execute the assignment of mortgage." (OSC, attached to Defs.' Mot. as Ex. 10, Dkt. No. 44-12 at 2). The court declined to sign the OSC, stating that Mckenzie defaulted in appearing and answering and did not raise sufficient facts to challenge service. (OSC Rejection, attached to Defs.' Mot. as Ex. 11, Dkt. No. 44-13 at 3).

On July 28, 2025, Mckenzie filed a motion to dismiss, arguing that the foreclosure action should be dismissed with prejudice based on, among other things, lack of personal jurisdiction, defective service of process, and Freedom's lack of standing to commence the foreclosure action. (Notice of Mot. to Dismiss, attached to Defs.' Mot. as Ex. 12, Dkt. No. 44-14 at 1–2). On November 3, 2025, Mckenzie moved to vacate the Foreclosure Judgment and for a traverse hearing, once again asserting Freedom's lack of

standing and improper service. Notice of Motion to Vacate, *Freedom Mortgage Corp. v. Mckenzie*, No. 615650/2022 (Nassau Sup. Ct. Nov. 3, 2025). On June 23, 2026, the state court denied Mckenzie's motions, finding that Mckenzie did not submit sufficient evidence to demonstrate improper service and that she was precluded from raising non-jurisdictional defenses after the Foreclosure Judgment had already been entered. Decision & Order on Motion, *Freedom Mortgage Corp. v. Mckenzie*, No. 615650/2022 (Nassau Sup. Ct. June 23, 2026).

Mckenzie filed this lawsuit on December 6, 2024, initially asserting a series of claims against Defendants under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (Compl. ¶¶ 13–23). After Defendants filed premotion letters seeking dismissal of Mckenzie's FCRA claims, Mckenzie sought leave to file an Amended Complaint. (*See* Pl.'s Resp. to Defs.' Mots. for Premot. Confs. dated Mar. 27, 2025, Dkt. No. 28 at 3). Mckenzie filed an Amended Complaint on July 24, 2025, dropping her FCRA claims and alleging Defendants violated her constitutional rights in the foreclosure proceedings because they lacked standing and capacity to foreclose on her mortgage. (Am. Compl. at 3–4).[1]

Defendants move to dismiss Mckenzie's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Mckenzie's claims

---

[1] Although in passing Mckenzie claims to "introduce[]" "the previous causes of actions," (Am. Compl. at 10), into the Amended Complaint, such reservation is impermissible. Among other reasons, she failed to cure the deficiencies identified by Defendants in those original claims, and she filed her Amended Complaint, omitting those deficient claims, in response to Defendants' substantive arguments why dismissal of those claims was proper.

are barred by *Rooker-Feldman* doctrine or *Colorado River* doctrine, and precluded by res judicata and collateral estoppel. (Defs.' Mot. to Dismiss at 1–2; Defs.' Reply in Further Supp. of Mot. to Dismiss dated Nov. 17, 2025, Dkt. No. 46 at 3–4). For the reasons explained below, the motion is granted.

<u>DISCUSSION</u>

**I. *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *T. M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739, 1744 (2026) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). *Rooker-Feldman* "bars a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court." *Ceccarelli v. Morgan Stanley Priv. Bank, N.A.*, No. 25-0443, 2025 WL 2992528, at *2 (2d Cir. Oct. 24, 2025) (quotation omitted). This is so "regardless of whether those judgments are final trial-court judgments or those of a State's highest court." *T. M.*, 146 S. Ct. at 1752. *Rooker-Feldman* applies if the following four requirements are met: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Ceccarelli*, 2025 WL 2992528, at *2 (quotation omitted).

To the extent Mckenzie seeks relief other than damages, which is unclear from her Amended Complaint, her claims are barred by *Rooker-Feldman*, depriving this Court of jurisdiction. Mckenzie's claims easily satisfy the first and fourth requirements—McKenzie lost in state court when the Foreclosure Judgment was entered on July 31, 2024, and that judgment was entered before she commenced this current action in December 2024. (*See* Foreclosure Judgment; Compl. at 1).

"The second requirement—that the plaintiff complains of an injury caused by a state-court judgment—is the core requirement from which the other *Rooker-Feldman* requirements derive." *Dorce v. City of New York*, 2 F.4th 82, 102 (2d Cir. 2021) (quotation omitted). "[T]he following formula . . . guide[s] [a court's] inquiry: a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018) (quotation omitted).

Mckenzie's wrongful foreclosure claim argues that Defendants had no standing and attacks the validity of the Foreclosure Judgment. To the extent Mckenzie seeks relief other than damages, the injury she complains of is from the Foreclosure Judgment, and she invites review and rejection of that judgment. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars Vossbrinck's claim. . . . He is asking the federal court to determine whether the state judgment was wrongfully

issued in favor of parties who, contrary to their representations to the court, lacked standing to foreclose. This would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error. And the injury of which Vossbrinck 'complains' in this claim for relief, and which he seeks to have remedied, is the state foreclosure judgment."); *e.g.*, *Ceccarelli*, 2025 WL 2992528, at *2 (affirming dismissal of plaintiff's claims "seeking vacatur of the state foreclosure judgment" under *Rooker-Feldman*); *Plunkett*, 2025 WL 1489904, at *8 ("Plaintiffs' wrongful foreclosure claim argues that Defendants had no right to foreclose on the Property because they had not perfected a security interest in it. Framed as a lack of standing to obtain foreclosure, this assertion and claim directly challenges the state court's judgment of foreclosure and is thus barred by *Rooker-Feldman*."); *Winters v. State*, No. 24-CV-7420, 2026 WL 710123, at *11 (E.D.N.Y. Mar. 13, 2026) (finding that plaintiff's allegations regarding lack of standing and illegal assignments "challenge the validity of the Judgment of Foreclosure and Sale because to resolve these issues, the Court would need to decide whether Bank of New York was the holder of a valid Note and Mortgage when it commenced the Foreclosure Action" and plaintiff's claims were "therefore barred by *Rooker-Feldman*").

Accordingly, *Rooker-Feldman* deprives this court of jurisdiction to the extent Mckenzie seeks declaratory or injunctive relief for her wrongful foreclosure claim.[2] Because Mckenzie also seeks damages, (Am. Compl. at 9–10), the Court proceeds to

[2] Because the Foreclosure Judgment is sufficient to trigger the application of *Rooker-Feldman*, *see T. M.*, 146 S. Ct. at 1752, the Court does not reach Defendants' alternative argument for *Colorado River* abstention, (*see* Defs.' Mot. at 7–8).

address Defendants' collateral estoppel arguments. *See Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) ("The *Rooker–Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment.").

**II. Collateral Estoppel**

Collateral estoppel, or issue preclusion, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to [a] prior judgment.'" *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). "A party may invoke issue preclusion only if: '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party [raising the issue] had a full and fair opportunity to litigate the issue [in the prior proceeding]; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Id.* (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288–89 (2d Cir. 2002)). Unlike res judicata, collateral estoppel does not require complete privity between the parties—it only requires that "the party *against* whom the issue was previously decided . . . be the same as or in privity with the party raising the issue in the present action." *Hansen v. Miller*, 52 F.4th 96, 101 (2d Cir. 2022).

To the extent Mckenzie's Amended Complaint can be liberally construed as asserting damages claims not barred by *Rooker-Feldman*, her claims are nonetheless barred by collateral estoppel.[3]

As for the first two requirements, the issues of standing to foreclose and the validity of any assignments of the mortgage were necessarily raised and decided by the state court in entering the Foreclosure Judgment. These issues were also explicitly raised by Mckenzie in her post-judgment motions and subsequently rejected by the state court when it denied her motion to dismiss and motion to vacate—holding that she was precluded from raising these defenses after the Foreclosure Judgment had already been entered. *See supra* pp. 7–8. Mckenzie cannot seek to relitigate the same issues in federal court in the hopes of obtaining a different result.

The third and fourth requirements are also satisfied. Mckenzie had a full and fair opportunity to litigate this issue in the foreclosure proceeding, as evidenced by the state court's consideration of her belated motions, filed months after the entry of judgment. *See supra* pp. 7–8. And the state court's decision on standing to foreclose and the validity of the assignment was necessary to support its judgment of foreclosure. *Cf. In re Armonk Snack Mart, Inc.*, No. 15-CV-22375, 2018 WL 2225008, at *6 (S.D.N.Y. May 15, 2018) ("[T]he issue of standing was necessary to support a valid and final judgment on the merits."); *e.g.*, *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 506 (S.D.N.Y. 2016) ("[I]t is clear that the issue of standing was necessarily decided by the

[3] The Court permitted Mckenzie to file a letter addressing Defendants' collateral estoppel arguments by August 10, 2026, (Order dated July 27, 2026), but she failed to respond.

state court because without deciding that U.S. Bank had standing, the foreclosure action could not have proceeded.”).

Courts routinely hold that collateral estoppel bars claims like Mckenzie’s. *See, e.g.*, *Weaver v. Schiavo*, No. 09-CV-5091, 2020 WL 496301, at *7 (S.D.N.Y. Jan. 30, 2020) (“Weaver’s complaints are again predicated on his contention that documents submitted in the state court proceedings were false and that OneWest had no standing to foreclose. The Court already held, twice, that collateral estoppel prevents re-litigation of those issues.”), *aff’d sub nom.*, *Weaver v. OneWest Bank, FSB*, No. 19-3242, 2020 WL 8767781 (2d Cir. Dec. 3, 2020); *Francis v. Nichols*, No. 16-CV-1848, 2017 WL 1064719, at *8 (S.D.N.Y. Mar. 21, 2017) (“Plaintiff’s claims rest on his argument that BNY Mellon lacked standing to pursue foreclosure because the Assignment was fraudulent, an argument which he raised before the state court and which the state court rejected. Issue preclusion prevents Plaintiff from relitigating that issue before this Court.”); *Helberg v. Wells Fargo Bank*, No. 23-CV-8073, 2025 WL 581495, at *9 (E.D.N.Y. Jan. 22, 2025) (“In the state court action, by issuing a judgment of foreclosure and sale, the Nassau County Supreme Court necessarily decided that the mortgage agreement and

any relevant attending documents were valid.") (collecting cases), *report and recommendation adopted*, 2025 WL 580368 (Feb. 21, 2025).[4]

CONCLUSION

For the reasons explained above, Defendants' motion to dismiss is granted, and the Court dismisses Mckenzie's Amended Complaint in its entirety. The damages claims are dismissed with prejudice; all non-damages claims barred by *Rooker-Feldman*, which implicates subject matter jurisdiction, are dismissed without prejudice. Because repleading cannot cure the defects identified, leave to amend is denied.[5] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is

[4] For these same reasons, privity is satisfied for collateral estoppel purposes—the issue of standing to foreclose was previously decided against Mckenzie, and she is the party asserting it here. *See Hansen*, 52 F.4th at 101. Accordingly, dismissal on collateral estoppel grounds is appropriate as to all Defendants, even though only Freedom was a party to the foreclosure action. *See, e.g.*, *Francis*, 2017 WL 1064719, at *8 ("It is of no moment that Defendants other than BNY Mellon were not parties to the Foreclosure Action. A party may raise issue preclusion so long as the party against whom preclusion is sought had a full and fair opportunity to litigate the issue.").

[5] Mckenzie seeks leave to amend her Complaint to add the U.S. Department of Housing and Urban Development ("HUD") as a defendant. (Pl.'s Opp'n to Defs.' Mot. to Dismiss dated Oct. 23, 2025, Dkt. No. 45 ¶¶ 2, 10). This proposed amendment would be futile. Mckenzie's papers cannot be read to assert any plausible claim against HUD, and she does not explain what claims she could assert against HUD that would not be barred by *Rooker-Feldman* or collateral estoppel.

substantive; better pleading will not cure it. Repleading would thus be futile."). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: September 1, 2026
Central Islip, New York